**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERT ARCHULETA,

    Plaintiff,

v.                                                No. CIV 04-964 LFG

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    THIS MATTER comes before the Court on the Plaintiff's Motion for Attorney Fees and Expenses under the Equal Access to Justice Act [Docs 18 and 20]. Plaintiff seeks attorney fees of $4,215.20 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, asserting that Plaintiff is the prevailing party, that the position of the United States was not substantially justified, and that no special circumstances exist that would render an award unjust.

    Defendant has not yet filed a response, but the Court determines that a response is not necessary. For the reasons given below, Plaintiff's motion will be denied. Under EAJA, a court is permitted to award a "prevailing party . . . fees and other expenses." 28 U.S.C. § 2412(d)(1)(A). The Court determines that Plaintiff was not a "prevailing party" and that it lacks subject matter jurisdiction to decide this EAJA fee request.

    In this case, the Court did not affirm, modify or reverse the decision of the Commissioner. Rather, it remanded the action for a rehearing before the ALJ and for clarification. [Doc. 16, at 16].

The Court noted that several portions of the transcript of the administrative hearing were incomprehensible, stating "[t]he Court finds it difficult to decipher what information actually is conveyed and/or whether the testimony is properly transcribed." [Doc. 16, at 11-12]. In addition, the Court found that the ALJ's opinion contained internal contradictions and findings that may or may not have been supported by the record. Therefore, the case was remanded for further proceedings and clarification.

When the district court remands a Social Security disability case to the Commissioner without modifying or reversing the Commissioner's decision, the Plaintiff is not a "prevailing party" for purposes of awarding EAJA fees.

> Regardless of how we label the remand, this last point is the most critical for present purposes. Prevailing party status is a threshold requirement to recovery under the EAJA, and to obtain that status, a plaintiff must have 'succeeded on any significant issue litigation which achieve[d] some of the benefit . . . sought in bringing suit.' [Shalala v.] Schaefer, 509 U.S. at 302 . . . . 'The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties' . . . . Hartter does not satisfy the threshhold [sic] prevailing party requirement of the EAJA when the district court only remands the case and makes no substantive ruling on the Commissioner's decision. The remand allowed the Commissioner to consider new evidence, but the district court did not rule on the correctness of the Commissioner's decision to deny benefits. It thus did not change the legal relationship between the parties. Hartter 'achieved only another bite at the apple.'

Hartter v. Apfel, 145 F.3d 1345 (Table, text in Westlaw), No. 97-3115, at *4 (10th Cir. 1998).

Because "prevailing party status is . . . jurisdictional," Id., and because Archuleta is not a prevailing party at this point in the proceedings, the Court holds that is does not have subject matter jurisdiction to consider an attorney fee application.

**<u>Order</u>**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act [Docs. 18 and 20] is denied for lack of subject matter jurisdiction.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge